UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

|  |  |  |
|---|---|---|
| M.G., | ) ) ) | |
| Plaintiff, | ) ) | |
| v. | ) ) | Civil Action No. 15-cv-2239 (KBJ) |
| DISTRICT OF COLUMBIA, | ) ) ) ) | |
| Defendant. | ) ) | |

## MEMORANDUM OPINION ADOPTING
## REPORT & RECOMMENDATION OF THE MAGISTRATE JUDGE

Plaintiff M.G. placed her minor child, K.H., at Emerson Preparatory School—a private school—for the 2015–2016 school year, and seeks reimbursement from the District of Columbia under the Individuals with Disabilities Education Act ("IDEA"), 20 U.S.C. § 1400 *et seq.*, for the cost of tuition at Emerson, as well as for the remaining cost of a previous private-school placement that the District has already been ordered to reimburse.  Invoking the IDEA's "due process hearing" procedure, *id.* § 1415(f), M.G. filed a complaint with the D.C. Office of the State Superintendent on Education, in which she argued that she was entitled to reimbursement because the District had denied K.H. a "free appropriate public education," or "FAPE," which is the central guarantee of the IDEA, *see id.* § 1412(a)(1), when it failed to develop an appropriate "individualized education program" for K.H.  (*See* Due Process Compl. Notice, Admin. Record ("AR") at 109); *see also* 20 U.S.C. § 1414(d) (setting forth requirements for individualized education programs).

On November 22, 2015, after M.G.'s due process hearing, the hearing officer issued a ruling in which he agreed that the District had denied K.H. a FAPE for 2015–2016, but nevertheless concluded that M.G. was not entitled to reimbursement for K.H.'s private-school tuition.  (Hearing Officer Determination, AR at 15, 21.)  The hearing officer reasoned that reimbursement was not warranted because the private school at which M.G. had enrolled K.H. was not a proper placement (*id.* at 17–18, 20 (quoting 34 C.F.R. § 300.148(c))), insofar as the private school did not "provide some element of special education services to the student" (*id.* at 19).  The hearing officer further explained that, in his view, "equitable considerations" militated against ordering reimbursement because M.G. "did not present any 'ten day notice' to [the District] alerting them that she had decided to place [K.H.]" at the private school.  (*Id.* at 20–21 (citing 34 C.F.R. § 300.148(d)(1)(ii) (requiring written notice of private school placement "[a]t least ten (10) business days . . . prior to the removal of the child from the public school")).)  Finally, the hearing officer observed that there was no dispute regarding the propriety of K.H.'s *previous* private school placement, and "order[ed] reimbursement for expenses" incurred at that school.  (*Id.* at 18.)

M.G. filed the instant lawsuit to challenge the hearing officer's denial of reimbursement for tuition at Emerson and to seek $355 in allegedly unpaid expenses related to the tuition at the previous private school.  (*See generally* Compl., ECF No. 1.)  On December 30, 2015, the Court referred this matter to a Magistrate Judge for full case management.  (*See* Min. Order of Dec. 30, 2015.)  The parties subsequently filed and fully briefed cross-motions for summary judgment.  (*See* Pl.'s Mot. for Summ. J., ECF No. 7; Def.'s Opp'n to Pl.'s Mot for Summ. J. & Cross-Mot. for Summ. J., ECF

No. 10; Pl.'s Opp'n to Def.'s Cross-Mot. for Summ. J. & Reply to Def.'s Opp'n to Pl.'s Mot. for Summ. J., ECF No. 12; Def.'s Reply to Pl.'s Opp'n to Def.'s Cross-Mot. for Summ. J., ECF No. 14; Pl.'s Surreply Regarding Summ. J., ECF No. 16.)

Before this Court at present is the comprehensive Report and Recommendation that Magistrate Judge Robinson filed on February 14, 2017, regarding the parties' cross-motions for summary judgment. (*See* R. & R., ECF No. 17.)[1] The Report and Recommendation reflects Magistrate Judge Robinson's opinion that M.G.'s motion for summary judgment should be granted in part and that the District of Columbia's cross-motion for summary judgment should be denied. (*See id.* at 20.) Specifically, Judge Robinson concludes that M.G. is entitled to reimbursement for K.H.'s tuition costs at Emerson as a matter of law (*see id.* at 8-17), but that there is no record evidence to support M.G.'s claim that $355 of the costs from the previous private-school placement remains unpaid, and thus, that claim must be remanded for further fact-finding (*see id.* at 17–19). The Report and Recommendation also advises the parties that, "[i]n the absence of timely objections, further review of issues addressed herein may be deemed waived." (*Id.* at 20); *see Thomas v. Arn*, 474 U.S. 140, 154 (1985); *see also Gov't of Rwanda v. Johnson*, 409 F.3d 368, 376 (D.C. Cir. 2005) ("[O]bjections to magistrate rulings are forfeited absent timely challenge in the district court.").

Under this Court's local rules, any party who objects to a Report and Recommendation must file a written objection with the Clerk of the Court within 14 days of the party's receipt of the Report and Recommendation, and any such written objection must specify the portions of the findings and recommendations to which each

---

[1] The Report and Recommendation, which is 20 pages long, is attached hereto as Appendix A.

3

objection is made and the basis for each such objection.  *See* LCvR 72.3(b); *see also* Fed. R. Civ. P. 72(b)(2).  When resolving objections, a district court must review a magistrate judge's report and recommendations *de novo*. *See* Fed. R. Civ. P. 72(b)(3); 28 U.S.C. 636(b).  As of the date of this Memorandum Opinion, no objections have been filed in the instant matter.

This Court has reviewed Magistrate Judge Robinson's Report and Recommendation and agrees with its careful and thorough analysis and conclusions.  In particular, the Court agrees with the Magistrate Judge that Plaintiff's placement of K.H. at Emerson was proper under the IDEA because it was "reasonably calculated to enable the child to receive educational benefits" (R & R at 9 (quoting *Leggett*, 793 F.3d 59, 70 (D.C. Cir. 2015)); *see also id.* at 8–14), and that the equities favor reimbursement, because M.G.'s failure to give ten days' written notice of her placement of K.H. at Emerson did not contravene any statutory requirement that she give such notice (*see id.* at 14–17), and also because M.G. did not act unreasonably during the course of the parties' unsuccessful attempts to convene a meeting regarding K.H.'s individualized education program (*see id.* at 17).  This Court also concurs with Magistrate Judge Robinson's conclusion that additional fact-finding is required to develop evidence regarding whether the District has failed to reimburse some of the costs of K.H.'s previous private-school placement (*see id.* at 17–19).

In sum, in the absence of any timely-filed objections, and after conducting its own review of this matter, this Court fully accepts Magistrate Judge Robinson's analysis of the motions on file and the record, and will **ADOPT** the Report and Recommendation in its entirety.  Accordingly, Plaintiff's [7] Motion for Summary

Judgment will be **GRANTED IN PART**, and Defendant's [10] Cross Motion for Summary Judgment will be **DENIED**.

A separate Order accompanies this Memorandum Opinion.

DATE:  March 31, 2017                    *Ketanji Brown Jackson*
                                         KETANJI BROWN JACKSON
                                         United States District Judge